UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN A. JOHNSON, )
)
    Petitioner, )
)
vs. ) Case No. 4:10CV92 LMB
)
MICHAEL BOWERSOX, )
)
    Respondent. )

## MEMORANDUM AND ORDER

This matter is before the court on the petition of Kevin A. Johnson for a writ of habeas corpus under 28 U.S.C. § 2254.

### Procedural History

Petitioner is presently incarcerated at the South Central Correctional Center in Licking, Missouri, pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis, Missouri. See Respondent's Exhibit C at 107-09. On September 17, 2004, following a jury trial, petitioner was found guilty of second degree murder and armed criminal action. See id. at 95, 100. Petitioner was sentenced to concurrent terms of life imprisonment with the possibility of parole for the second-degree murder conviction, and twenty years imprisonment for the armed criminal action conviction. See id. at 108.

Petitioner raised two points on direct appeal of his convictions. Petitioner first argued that the trial court plainly erred in failing to instruct the jury to disregard the State's misstatement of Missouri law in its closing argument when the prosecutor stated that petitioner's hands and feet were dangerous instruments under Sections 566.061 and 571.015 RSMo (2002). See Respt's Ex. A at 19.

Petitioner next argued that the trial court erred in not acquitting petitioner of the armed criminal action count at the close of all the evidence and sentencing him, because the State failed to prove petitioner used a deadly weapon or dangerous instrument as required for his conviction of armed criminal action. See id. at 20. The Missouri Court of Appeals for the Eastern District of Missouri affirmed petitioner's convictions on December 20, 2005. See Respt's Ex. E.

On November 16, 2004, petitioner filed a pro se motion to vacate, set aside, or correct the judgment of the Circuit Court of the City of St. Louis, Missouri, pursuant to Missouri Supreme Court Rule 29.15. See Respt's Ex. H at 3-8. On May 9, 2006, after appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing. See id. at 10-25. Petitioner raised the following ineffective assistance of counsel claims: (1) trial counsel failed to object to and preserve for appellate review the State's improper argument to the jury that hands or feet could be dangerous instruments for the purpose of finding petitioner guilty of armed criminal action; and (2) trial counsel advised petitioner to waive jury sentencing because counsel was not ready to proceed. See id. An evidentiary hearing was held on May 27, 2008, at which trial counsel and petitioner testified. See Respt's Ex. I. On May 29, 2008, the motion court denied petitioner's motion for post-conviction relief in all respects. See Respt's Ex. H at 29-35. Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 38.

In his single point on appeal from the denial of post-conviction relief, petitioner argued that the motion court erred in denying his amended motion because petitioner showed that counsel was ineffective in failing to object to and preserve for appeal the prosecutor's closing argument that hands and fists could be dangerous instruments such that petitioner could be convicted of armed criminal action. See Respt's Ex. F. The Missouri Court of Appeals for the Eastern District of

Missouri affirmed the motion court's denial of post-conviction relief on June 9, 2009. See Respt's Ex. J.

On January 15, 2010, petitioner, pro se, filed the instant petition for a writ of habeas corpus. (Doc. No. 1). In his single ground for relief, petitioner argues that he was denied effective assistance of counsel when trial counsel failed to object to the State's closing argument that hands and feet can be considered dangerous instruments under Missouri's armed criminal action statute. On April 7, 2010, respondent filed a Response to Order to Show Cause, in which respondent argues that petitioner's claim fails on its merits. (Doc. No. 6).

### Facts[1]

Petitioner was at a restaurant in the early morning hours. A dispute arose between a waitress and another customer who knew petitioner from school. Another customer, Michael Schnelle ("Victim"), attempted to intervene in the dispute. Petitioner also became involved in the dispute. The waitress asked the customer who knew petitioner to leave, and he did.

As Victim was leaving the restaurant, petitioner stood up on his seat and started calling out "white power." Petitioner also gave a "Nazi salute" or a "sign for Hitler." Petitioner pulled up his pants leg to reveal tattoos, one of which was a swastika. Petitioner followed Victim out the restaurant door and yelled "Come back here, Jew boy." Petitioner followed Victim across the street and pointed and yelled at him "You Jew m-----f-----. You Jew."

Petitioner caught up to Victim and "slugged him in the back of the head," knocking him to the ground. Petitioner then kicked Victim "a few times" and did "a little jump into the air and stomp on his head." Another individual came over and attempted to intervene while petitioner was

---

[1]The court's summary of the facts is taken from the decision of the Missouri Court of Appeals affirming petitioner's convictions. Respt's Ex. E.

stomping on Victim. Eventually, petitioner attempted to return to his car, but other individuals prevented him from leaving.

Witnesses testified that Victim's head was "almost totally caved in" and that he was "bleeding from the eyes, ears, nose, and mouth." An ambulance took Victim to the hospital, where he died the next day as a result of severe blunt force trauma. Tests revealed that Victim suffered a subarachnoid hemorrhage, which is bleeding in and around the brain, and he had blood in his brain tissue and "snapped" nerve fibers in his brain. He also suffered a broken nose and a large number of facial abrasions and lacerations.

A laboratory analysis of petitioner's boots revealed the presence of Victim's blood around the right heel and along the inner side of the left sole.

## Discussion

### A.     Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

**B.    Petitioner's Claims**

In his single ground for relief, petitioner argues that he received ineffective assistance of counsel because trial counsel failed to object to the prosecutor's closing argument that hands and fists could be dangerous instruments under Missouri's armed criminal action statute. Respondent argues that the Missouri Court of Appeals' rejection of petitioner's claim was reasonable.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that her attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that she was prejudiced by her attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must show that "counsel made errors so serious that counsel was not

functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689).

During closing argument, the prosecutor stated as follows:

> And if he's guilty of murder in the 1st degree, he's guilty of armed criminal action, because there's only two elements of armed criminal action, that he's guilty of a murder and that he did it with a dangerous instrument, his hands and his feet. And, ladies and gentlemen, there can be no doubt that these are dangerous instruments, because the victim's DNA ends up only not on his hands--not his hands, not on his shirt, not on his pants, but on the boots. Remember that linear abrasion, 4 and a half inches this way, 1 and a half inches this way. Ladies and gentleman, dangerous instrument.
> Doesn't have to be his feet though. Even if he beats him with his hands, under the circumstances that they were used to beat a man so bad to make a hole in his face and give him a subarachnoid hematoma would take such violence, according to the medical examiner, that you'd have to have extreme violence. And he would expect that there would have to be some sort of instrument used, unless they were professional fighters, and they're not. So either circumstance, feet or no feet, fist and feet, fist alone, feet alone, armed criminal action.
> That's the law, ladies and gentlemen. That's this case. Find the defendant guilty of murder in the 1st degree and armed criminal action for his deliberate, deliberate actions that he did on September the 1st of the year 2002 that cost Michael Schnelle his life.

Respt's Ex. D at 448-49.

Defense counsel did not object to the prosecutor's statement. On direct appeal, petitioner argued that the trial court plainly erred in failing, *sua sponte*, to instruct the jury to disregard the prosecutor's statements regarding the use of petitioner's hands and feet as dangerous instruments, because it misstated the law. The Court held that the trial court did not plainly err in failing to

instruct the jury to disregard the prosecutor's comments, as the prosecutor's comments did not clearly misstate the law. See Respt's Ex. E at 5. The Court noted that Section 556.061(9) does not specifically prohibit body parts from the definition of a dangerous instrument, and Missouri courts have not conclusively held that body parts are not dangerous instruments. See id. The Court also found that, even if the prosecutor's comments were improper, petitioner failed to demonstrate that the comments had a decisive effect on the outcome of the trial. See id.

In his post-conviction relief motion, and on appeal from the denial of post-conviction relief, petitioner argued that trial counsel provided ineffective assistance by failing to object to the prosecutor's comments during closing argument. The Missouri Court of Appeals held as follows:

> Here, [petitioner's] claim is without merit. At the evidentiary hearing on [petitioner's] Amended Motion, Counsel testified he did not object to the prosecutor's closing argument because he did not believe an objection would have been meritorious given the facts of the case and his understanding of the law regarding dangerous instruments, to wit, that anything could be a dangerous instrument depending on how it is used and the intent with which it is used. In its judgment addressing [petitioner's] post-conviction claim, the motion court concluded Counsel's decision not to object was a reasonable decision given that the prosecutor's arguments were not improper, i.e., did not misstate the law regarding what constitutes a "dangerous instrument." We agree. Counsel cannot be deemed "ineffective" for failing to raise a non-meritorious claim. [citation omitted].
>
> Furthermore, Counsel's failure to object during closing argument did not result in ineffective assistance because the failure to object did not prejudice [petitioner] or deprive him of a fair trial. [citation omitted]. The prosecutor was free to characterize [petitioner's] conduct, including calling his hands and fists "dangerous instruments," because the evidence supported the characterization. Id. Our review of the trial transcript indicates that a reasonable juror could have found from the evidence that, under the circumstances of this case, [petitioner's] hands and fists were "dangerous instruments." The record contains overwhelming evidence establishing [petitioner's] guilt, including [petitioner's] own testimony that he used his hands to strike Victim multiple times.[2]
>
> Finally, this issue was reviewed and determined on direct appeal, wherein we concluded that no error, plain or otherwise, occurred; thus, the issue cannot be relitigated in this post-conviction proceeding. [citations omitted]. There, we noted that even if the

---

[2]Eyewitnesses also testified that [petitioner] hit, kicked, jumped, and stomped on Victim's head until it was almost totally caved in, and he was bleeding rom the eyes, ears, nose and mouth, and DNA analysis indicated Victim's blood was on [petitioner's] boots. [Footnote in original].

prosecutor's closing arguments had been improper, the comments had no decisive effect on the outcome of the trial because, given the evidence, there was not a reasonable probability that the verdict would have been different absent the arguments. Here, the motion court found our decision in the direct appeal persuasive and concluded that, given the facts, [petitioner] did not suffer prejudice as a result of Counsel's failure to object to the prosecutor's closing argument, i.e., the outcome of the trial would not have been different if he had lodged the objection. The motion court's conclusion is supported by the record. Consequently, the motion court did not clearly err in denying [petitioner's] Amended Motion.

Respt's Ex. J at 5-7.

The decision of the Missouri Court of Appeals was not contrary to or an unreasonable application of clearly established federal law. The Court performed a proper Strickland analysis and found that petitioner's claim lacked merit. As the Court noted, a "dangerous instrument" is defined by Section 556.061(9) as any instrument, article, or substance that, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury. Respt's Ex. J at 5. "Whether hands or fists qualify as 'dangerous instruments' depends on the facts and circumstances in which they are used." Id. (citing State v. Burch, 939 S.W.2d 525 (Mo. App. W.D. 1997) (elbow can be considered a dangerous instrument); Seiter v. State, 719 S.W.2d 141, 144 (Mo. App. E.D. 1986) (declined to classify hands as dangerous instrument given specific facts in the case)).

"Determinations of state law made by a state court are binding on a federal court in habeas proceedings." Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005) (citing Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998)). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

-8-

In this case, the Missouri Court of Appeals found that the prosecutor did not misstate the law regarding the classification of dangerous instruments under the armed criminal action statute. The Court's determination on an issue of Missouri law is binding on this court. Because the prosecutor did not misstate the law during closing argument, an objection to the prosecutor's comments would have been meritless. Petitioner is, therefore, unable to demonstrate prejudice from defense counsel's failure to make a meritless objection.

Further, petitioner cannot show that the result of his trial would have been different even if defense counsel had made an objection to the prosecutor's comments regarding petitioner's use of his hands and fists, and the trial court had sustained the objection. The prosecution presented evidence that, in addition to striking the Victim with his hands, petitioner kicked the Victim with his boots. Respt's Ex. D at 196, 222, 175, 187. Analysis of petitioner's boots revealed the presence of the Victim's blood around the heel of petitioner's right boot and along the sole of petitioner's left boot. Id. at 243, 247. Petitioner struck the Victim with such force that his head was "almost totally caved in." Id. at 176. Thus, petitioner's boots would have satisfied the requirements of a "dangerous instrument" under the armed criminal action statute. Accordingly, trial counsel was not constitutionally ineffective in failing to object to the prosecutor's comments during closing argument.

## C. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger

v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no certificate of appealability shall be issued.

**ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that petitioner be denied a certificate of appealability if petitioner seeks to appeal this judgment of dismissal.

Dated this  23rd  day of January, 2013.

/s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE